UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JAMES EDWARD SCOTT, III,<br><br>　　　　　　　　　　　Plaintiff,<br>　v.<br>K.G. OLSEN, *et al.*,<br><br>　　　　　　　　　　　Defendants. | Case No. 3:23-cv-00274-MMD-CSD<br><br>ORDER |

**I.　SUMMARY**

This action began with a civil-rights complaint under 42 U.S.C. § 1983 by state prisoner James Scott. (ECF No. 1-1). On April 15, 2024, the Court screened Scott's civil-rights complaint, allowing claims to proceed, temporarily staying this action for settlement purposes, and referring it to the Court's Inmate Early Mediation Program. (ECF No. 6.) Scott now moves the Court for leave to file a supplemental complaint and for the Court to amend its Screening Order, arguing that he wants to add newly discovered defendants to his existing claims. (ECF No. 7, 8.) The Court construes Scott's motion for leave to file a supplemental complaint as seeking leave to file a first amended complaint. And for the reasons discussed below, the Court denies both motions.

**II.　DISCUSSION**

　　**A.　Motion to file a supplemental complaint (ECF No. 7)**

Federal Rule of Civil Procedure 15 authorizes the Court to "permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). Scott's proposed supplemental complaint, however, does not set out any transaction, occurrence, or event that happened after his original Complaint. (ECF No. 7 at 3-10.) Rather, as Scott explains in his motion for this relief, what he seeks is the Court's leave to add new defendants that

he "just only recently discovered" were involved in the events of the Complaint. (*Id.* at 1.) Scott's motion is therefore construed as seeking leave to file a first amended complaint to add new defendants to his existing claims.

However, the Court is not inclined to grant Scott leave to amend to add new defendants at this stage. Scott's proposed supplemental complaint seeks to add the following individuals and entities as defendants: Nevada's current and former Governors Steve Sisolak and Joe Lombardo, Nevada Secretary of State Cisco Aguilar, former Nevada Secretary of State Barbara Cegavske, the Nevada Board of Commissioners ("BOC"), the State of Nevada, the Nevada Department of Corrections ("NDOC"), Northern Nevada Correctional Center ("NNCC") Warden Nethanjah Breitenbach,[1] NDOC Deputy Director Brian Williams, and former NDOC Director Charles Daniels. (ECF No. 7 at 1-6.) But Scott pleads no facts connecting any of the proposed defendants to his claims. (*See generally* ECF No. 7.) Rather, Scott merely concludes that "[u]pon contracting the services of 'Dish,'" all the defendants "did in fact discriminatively favor the approval and access to televised Christian and Jewish Services over televised Islamic Services." (*Id.* at 8.) Liberally construed, the allegations of the Complaint were enough to state claims against the several NNCC officials Scott identified as defendants. (*See generally* ECF No. 6.) But even generously construed, the few well-pled facts in the proposed complaint are not enough to plausibly state that numerous present and former members of the State's Executive Branch and present and former NNCC administrators were involved in deciding which television channels NNCC's inmates would have access to.

Even if Scott could cure the deficiencies of his proposed complaint, his request to add the State of Nevada, the NDOC, and the BOC as defendants is a non-starter. Neither the State of Nevada nor its arms like the NDOC and the BOC are "persons" for 42 U.S.C. § 1983's purposes. *See, e.g.*, *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 65 (1989) (holding that states are not persons for § 1983's purposes); *Howlett By and*

---

[1] The Court notes that Breitenbach currently is the Warden of Lovelock Correctional Center, not NNCC.

*Through Howlett v. Rose*, 496 U.S. 356, 365 (1990) (reiterating that "[t]he State and arms of the State, which have traditionally enjoyed Eleventh Amendment immunity, are not subject to suit under § 1983 in either federal or state court"); *accord* Nev. Rev. Stat. § 41.031(3) (stating that the State of Nevada does not waive its Eleventh Amendment immunity).

Finally, the Court expressly instructed in the Screening Order that this action was temporarily stayed and "[d]uring this 90-day stay period and until the Court lifts the stay, no other pleadings or papers may be filed in this case . . . ." (ECF No. 6 at 8.) As the Court explained in the Screening Order, the purpose of the stay is to provide the parties an opportunity to explore settlement before the case proceeds onto the normal litigation track. (*Id.*) Scott can seek leave to amend to add defendants as part of the normal litigation process. Scott's motion for leave to amend to add defendants is therefore denied without prejudice. In the event that this action proceeds onto the normal litigation track, then Scott may file a new motion seeking leave to amend to add defendants.

### B. Motion to amend Screening Order (ECF No. 8)

What remains is Scott's motion to amend the Screening Order. (ECF No. 8.) Federal Rule of Civil Procedure 60 provides that "[t]he court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a). "The court may do so on motion or on its own, with or without notice." *Id.* Scott does not argue that the Court made a mistake or overlooked or omitted any matter when it screened his Complaint. Rather, Scott argues he only recently discovered that other individuals and entities were involved in the events of the Complaint, and he seeks leave to pursue his existing claims against them. As explained above, the proper vehicle for Scott's request is a motion for leave to file a first amended complaint. Scott's motion to amend the Screening Order is therefore denied. In the event that this action proceeds onto the normal litigation track, then Scott may file a new motion seeking leave to amend to add defendants.

### III.  CONCLUSION

It is therefore ordered that the Motion to Supplement Plaintiff's Original Complaint to Add Additional Newly Discovered Defendants to the Complaint (ECF No. 7) is construed as seeking leave to file a first amended complaint to add new defendants, and it is denied without prejudice. In the event that this action proceeds onto the normal litigation track, then Scott may file a new motion seeking leave to amend to add defendants.

It is further ordered that the Motion to Amend the Court's Screening Order (ECF No. 8) is denied.

DATED THIS 22nd Day of April 2024.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE