UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JAMES EDWARD SCOTT, III,<br><br>                         Plaintiff,<br>     v.<br>K.G. OLSEN, *et al.*,<br><br>                        Defendants. | Case No. 3:23-cv-00274-MMD-CSD<br><br>ORDER |

**I.    SUMMARY**

*Pro se* Plaintiff James Scott was in the custody of the Nevada Department of Corrections when he initiated this action, asserting claims under 42 U.S.C. § 1983.[1] (ECF No. 1.) The Court screened the Complaint and allowed claims for violations of the First Amendment's Establishment and Free Exercise Clauses and the Religious Land Use and Institutionalized Persons Act of 2000 to proceed. (ECF No. 6.) Before the Court is the Report and Recommendation of United States Magistrate Judge Craig S. Denney (ECF No. 33 ("R&R")), recommending the Court grant Defendants' motion for summary judgment (ECF No. 30 ("Defendants' Motion")) as to its argument that Plaintiff failed to exhaust his administrative remedies.[2] Plaintiff had until August 13, 2025 to file an objection. (ECF No. 33.) On August 22, 205, Plaintiff filed an objection where he requested time to oppose Defendants' Motion. (ECF No. 34 ("Objection").) In light of his *pro se* status, the Court granted Plaintiff's request in part by allowing him leave to amend

---

[1] Plaintiff filed a notice of change of address on July 18, 2024 showing he was released from custody. (ECF No. 13.)

[2] Defendants filed their Motion on June 6, 2025. (ECF No. 30.) Plaintiff failed to file a response to Defendants' Motion. As the Court noted, the Magistrate Judge did not recommend granting Defendants' Motion because Plaintiff failed to respond. (ECF No. 35.) Because failure to exhaust administrative remedies is dispositive, the Magistrate Judge did not address the other arguments raised in Defendants' Motion.

his Objection by December 1, 2025. (ECF No. 36.) To date, Plaintiff has failed to amend his Objection.

## II. DISCUSSION

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, the Court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." *Id.* While Plaintiff's Objection does not contain substantive arguments, the Court will evaluate the R&R de novo.

Here, Judge Denney reviewed the evidence Defendants submitted—Plaintiff's two grievances on the issues raised in the Complaint--in support of their argument that Plaintiff failed to exhaust his administrative remedies as required under the Prison Litigation Reform Act. (ECF No. 33 at 6-8.) Having reviewed the R&R and Defendants' Motion, the Court agrees with Judge Denney and will adopt the R&R in full.

## III. CONCLUSION

It is therefore ordered that Judge Denney's Report and Recommendation (ECF No. 33) is adopted.

It is further ordered that Defendants' motion for summary judgment (ECF No. 30) is granted as to their argument that Plaintiff failed to exhaust his administrative remedies.

The Clerk of the Court is directed enter judgment in accordance with this order and close this case.

DATED THIS 9th Day of December 2025.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE